# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROY SKELTON and DONNA SKELTON,　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
Husband and Wife

v.　　　　　　　　　　　　　No. 4:04CV00765 JLH

PORCELAIN PRODUCTS CO., and
STUART C. IRBY CO.　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

COMMERCE AND INDUSTRY　　　　　　　　　　　　　　　　　　　　　　　INTERVENOR

## ORDER

On July 6, 2005, the Court held a telephone conference on motions in limine filed by Defendants Porcelain Products Company and Stuart C. Irby Company. Porcelain Products and Stuart C. Irby appeared through their attorney, Andrew Vines. The plaintiffs, Roy Skelton and Donna Skelton, appeared through their attorney, Krystal Taylor. The intervenor, Commerce & Industry, appeared through its attorney, Sarah Greenwood.

The Court grants without objection Porcelain Products and Stuart C. Irby's first motion in limine to exclude evidence of insurance coverage (Docket #21). The Court likewise grants without objection Porcelain Products and Stuart C. Irby's second motion in limine to exclude mention of punitive damages (Docket #23).

The Court grants Porcelain Products and Stuart C. Irby's third motion in limine to exclude evidence of other incidents (Docket #25), as it relates to the problems with other Porcelain Products insulators discussed in the deposition testimony by Jim Carson presented to the Court. Based on that testimony, these problems lack substantial similarity to the failure at issue in this lawsuit and, thus, are not probative under Fed. R. Evid. 401. *Crump v. Versa Prods., Inc.*, 400 F.3d 1104, 1109 (8th

Cir. 2005). Specifically, the porcelain insulator failures mentioned in Jim Carson's deposition testimony failed or broke after long periods of use, not during construction as in the present case. Counsel for both sides stated that these insulators were not the same type of insulator as those at issue here. Evidence of these incidents will be excluded at trial. If the parties plan on presenting evidence of other incidents, they are instructed to proffer that testimony to the Court outside of the presence of the jury to show substantial similarity.

The Court denies in part and grants in part Porcelain Products and Stuart C. Irby's fourth motion in limine to exclude opinion testimony of lay witnesses (Docket #27). Porcelain Products and Stuart C. Irby ask the Court to bar Toby Fife, Flanigan Fife, and Scott Gadberry, three Underground Utilities workers present at the time of the accident, from testifying as to the cause of the insulator failure, arguing that these witnesses are not qualified to render expert opinions and have not been disclosed as expert witnesses on this issue. The Court agrees that these witnesses are not qualified to render an opinion on the issue of whether the cause of the accident was the manufacture or design of the insulator. An opinion on that issue is necessarily based on scientific, technical, or other specialized knowledge, *see* Fed. R. Evid. 701, and both parties have retained experts to render opinions regarding that issue. Toby Fife, Flanigan Fife, and Scott Gadberry, however, are not qualified by their knowledge, skill, experience, training, or education to render their opinion on the issue. *See* Fed. R. Evid. 702. All three testified either that they had no explanation for why the insulator broke or that their opinion was based on their own impression or speculation. Such testimony does not meet the requirements of Fed. R. Evid. 702. Accordingly, the motion is granted as to this evidence and any opinion by these witnesses as to whether the insulator was defectively manufactured or designed will be excluded.

2

These witnesses, however, may offer testimony on the related issue of whether there were other causes of the insulator failure, such as whether Roy Skelton was negligent, or whether anything about the manner or method of installation was unusual or abnormal. This evidence is not barred under Fed. R. Evid. 701 because it is rationally based on their perceptions. Moreover, by virtue of their knowledge, skill, and experience as the foreman, lineman, and groundman of Underground Utilities, the three are qualified to render an expert opinion on such issues. *See* Fed. R. Evid. 702. The Court denies the motion as it relates to such opinions.

IT IS SO ORDERED this ___7th___ day of July, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE